**Jeanie Norma RANTUNG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–72048.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 26, 2008.*

Filed Sept. 9, 2008.

Kathleen S. Koh, Law Office of Kathleen Koh, Whittier, CA, Gihan L. Thomas, Law Offices of Gihan L. Thomas, Los Angeles, CA, for Petitioner.

District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jeffrey R. Meyer, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, KLEINFELD, and IKUTA, Circuit Judges.

## MEMORANDUM **

Jeanie Norma Rantung, a native and citizen of Indonesia, petitions for review of a Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

■ The record does not compel the conclusion that Rantung has shown changed or extraordinary circumstances to excuse the untimely filing of her asylum application. *See* 8 C.F.R. § 1208.4(a); *see also Ramadan v. Gonzales*, 479 F.3d 646, 657 (9th Cir.2007) (per curiam).

■ Substantial evidence supports the agency's conclusion that Rantung did not establish eligibility for withholding of removal because the harassment Rantung suffered did not rise to the level of past persecution. *See Nagoulko*, 333 F.3d at 1016–18. Assuming, without deciding, that the disfavored group analysis set forth in *Sael v. Ashcroft*, 386 F.3d 922, 927–29 (9th Cir.2004) applies in the context of withholding of removal, substantial evidence supports the agency's determination that

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**640**

Rantung failed to demonstrate that it was more likely than not she will be persecuted on account of a protected ground if she returned to Indonesia. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1184–85 (9th Cir. 2003).

█ In her opening brief, Rantung failed to raise, and therefore has waived, any challenge to the agency's determination that she is ineligible for CAT relief. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**